**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 12-282 (PJS/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| David Laurence Marion, | |
| Defendant. | |

Karen B. Schommer, Esq., United States Attorney's Office, counsel for Plaintiff.

Craig E. Cascarano, Esq., Cascarano Law Office, counsel for Defendant.

This matter is before the Court on Defendant's Motion to Suppress Evidence Obtained Through Illegal Search (Doc. No. 20). This Court held a hearing on the motion on December 12, 2012,[1] and received the search and seizure warrant and supporting documents that are at issue. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Defendant's motions be denied.

---

[1] On December 12, 2012, the Court issued an Order concerning various other motions and took Defendant's Motion to Suppress Evidence Obtained Through Illegal Search (Doc. No. 20), under advisement for submission to the District Court on Report and Recommendation. (Doc. No. 23.)

## BACKGROUND

Defendant's motion concerns the execution of a search warrant at a location known to be a place where Defendant conducts business. Defendant moves to suppress and return any evidence (including statements) obtained as a result of a search and seizure, specifically the evidence seized from Defendant, his home, his automobile, or his belongings.

Defendant's motion is boilerplate. Other than making the general allegation that the search was illegal, Defendant has done nothing to sustain his burden of proving that the evidence seized in the search should be suppressed. Instead, Defendant simply requested the Court conduct a "four-corners review" of the search warrant and supporting documents. Based on the minimal information provided by Defendant at the hearing, it appears that Defendant is challenging the search warrant issued in this case on the ground that the supporting affidavit failed to establish probable cause. This amounts to no more than the Defendant asking the Court to double-check to make sure that United States Chief Magistrate Judge Arthur J. Boylan got it right when he signed the search warrant. Despite the paucity of Defendant's argument, this Court has carefully reviewed the warrant application and determined that there was probable cause and the warrant was properly issued.

On September 6, 2011, Judge Boylan issued a warrant to search a specific location in Minneapolis, Minnesota, described in the warrant by the specific address for that location. (Hr'g Ex. No. 1.) The supporting affidavit refers to the

location as "the Office," and describes the location as the office where International Rarities Corporation ("IRC") and Defendant have conducted business since 2002. In 2000, Defendant became the Chief Executive Officer ("CEO") of IRC. The search warrant identifies the objects of the warrant as evidence of crime, contraband, fruits of crime, or other items illegally possessed, and property designed for use, intended for use, or used in committing a crime, in violation of Title 18, United States Code, Sections 1341, 1343, 1956, and 1957, specifically listing the following: "[r]ecords, documents, information and items, including those created, maintained, or stored electronically, digitally, or optically, related to International Rarities Corporation and/or International Rarities Holdings, Inc.," including computers and computer software. (Hr'g Ex. No. 1.) The search warrant also provides further detail about the specific items to be seized that the above would encompass.

Chief Magistrate Judge Boylan issued the warrant on the basis of probable cause as shown in the Affidavit of Jared F. Kary. Special Agent Kary's affidavit includes, among other things: (1) information regarding Defendant's involvement the precious metals and coin industry, including his affiliation with IRC and International Rarities Holdings, Inc. ("IRH"); (2) information obtained from customers and potential investors about what Defendant had told them and about two distinct schemes to defraud that evolved through IRC and IRH; (3) information obtained from IRC's bankruptcy filing, which listed the location referred to as the Office as IRC's current office; (4) information obtained from

3

customers and investors that they had sent communications, coins, and money to the Office, they had received email from employees that had the Office address listed in their signature blocks on their emails, and they had contacted IFC via a telephone number listed on IRC's website, which is a telephone number associated with IRC at the Office; (5) information obtained from customers and investors that when they visited the Office, they observed computers, printers, fax machines, and filing cabinets being used by employees of IRC and IRH; (6) information obtained from postal officials that mail addressed to Defendant, IRC, and IRH continued to be delivered to the Office; (7) information obtained from the Minnesota Department of Public Safety's Driver and Vehicle Services database that the address identified on Defendant's driver's license was that of the Office; and (8) information obtained through surveillance that indicated that a vehicle registered to Defendant was located in the parking lot of the building where the Office is located.

Defendant was subsequently indicted for Conspiracy to Commit mail and Wire Fraud in violation of Title 18, United States Code, Section 1349; Securities Fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; and Money Laundering in violation of Title 18, United States Code, Section 1957.

## DISCUSSION

Searches conducted pursuant to a warrant are reviewed to determine whether the information in the warrant application and supporting affidavit

4

provided probable cause for the search. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing *Gates*, 462 U.S. at 238). When determining whether probable cause exists, a court does not evaluate each piece of information independently, but, rather, considers all of the facts for their cumulative meaning. *United States v. Allen*, 297 F.3d 790, 794 (8th Cir. 2002). The task of a court issuing a search warrant is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also United States v. Salter*, 358 F.3d 1080, 1084 (8th Cir. 2004) ("In issuing a warrant, the judge makes a practical, common-sense decision whether, considering all the circumstances, a reasonable person would have reason to suspect evidence would be discovered." (quotations omitted)).

In reviewing the decision of the issuing court, this Court must ensure that the issuing court "'had a substantial basis for . . . conclud[ing] that probable cause existed.'" *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (quoting *Gates*, 462 U.S. at 238–39). Since reasonable minds may differ on whether a particular search warrant affidavit establishes probable cause, the

5

issuing court's determination is accorded great deference. *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir. 1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

Upon reviewing Special Agent Kary's Application and Affidavit for Search Warrant in its entirety, the Court finds that it established probable cause for the search warrant. As set forth above, this Court's role is simply to "make a practical, common-sense decision" about whether there is a "fair probability" that officers will discover evidence of a crime. *See Gates*, 462 U.S. at 238. The search-warrant application stated, among other things, that: (1) customers and potential investors had reported two distinct schemes by Defendant to defraud that evolved through IRC and IRH, and they provided specifics about those schemes; (2) the Office was referenced in IRC's bankruptcy filing as IRC's current office; (3) customers and investors had sent communications, coins, and money to the Office, received email from employees that had the Office address listed in their signature blocks, and had contacted IRC through the telephone number listed on IRC's website, which is a telephone number associated with IRC at the Office; (4) customers and investors had seen employees of IRC and IRH use computers, printers, fax machines, and filing cabinets when they visited the Office; (5) mail addressed to Defendant, IRC, and IRH continued to be delivered to the Office; (6) the address identified on Defendant's driver's license was that of the Office; and (7) a vehicle registered to Defendant was located in the parking lot of the building where the Office is located. All of the above-

referenced information establishes a fair probability that instrumentalities, fruits, and evidence of a crime would be found at the Office.

Therefore, the evidence seized pursuant to the search warrant for the specifically identified location known as the Office, including computers and computer software located therein, where the instrumentalities, fruits, and evidence of violations of Title 18, United States Code, Sections 1341, 1343, 1956, and 1957 might be found, was not unlawfully obtained in violation of Defendant's constitutional rights. The search warrant was based on sufficient probable cause as stated in the Special Agent Kary's Affidavit and as determined by Judge Boylan.[2] The warrant properly and sufficiently identified the location of the search and the items to be seized. The search warrant in this matter was lawfully issued, and there is no requirement for suppression of evidence seized pursuant to the warrant. Therefore, this Court recommends that Defendant's

---

[2] Even if probable cause did not exist, there was a facially valid warrant and the good faith exception to the exclusionary rule, established in *United States v. Leon*, 468 U.S. 897 (1984), would have to be considered. "Under the good-faith exception, evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (alteration in original) (quotations omitted). "When assessing the objective [reasonableness] of police officers executing a warrant, [the Court] must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *Id.* at 431 (alteration in original) (quotations omitted). Here, this Court concludes that the good-faith exception would apply. There is no evidence to suggest that the officers' reliance on the warrants was not in good faith, nor is there evidence that the officers' reliance was not reasonable.

Motion to Suppress Evidence Obtained Through Illegal Search (Doc. No. 20), be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence Obtained Through Illegal Search (Doc. No. 20), be **DENIED**.


Date: December 13, 2012

                                                *s/Jeffrey J. Keyes*
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 20, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **seven days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.