UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0282 (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| DAVID LAURENCE MARION, | |
| Defendant. | |

Karen B. Schommer, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Craig E. Cascarano, for defendant.

David Marion was indicted for securities fraud, money laundering, and conspiracy to commit mail and wire fraud.  ECF No. 1.  He was released to a halfway house pending trial.  ECF No. 7.  Marion ultimately pleaded guilty to the money-laundering and conspiracy charges and was sentenced to 60 months' imprisonment.  ECF No. 51.  Marion has now moved "for credit for time served," arguing that the time that he spent in a halfway house should be credited against his prison sentence.  ECF No. 53.

Once a sentence is imposed, a district court cannot modify that sentence unless such a modification is specifically authorized by statute.  *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Allmon*, 702 F.3d 1034, 1036-37 (8th Cir. 2012).  Marion's motion does not identify — and the Court is not aware of — any statute that authorizes the Court to modify Marion's sentence as he requests.  To the contrary, requests for credit for time served under 18 U.S.C. § 3585(b) must be directed in the first instance to the Bureau of Prisons ("BOP"), not to a court.  *United States v. Wilson*, 503 U.S. 329, 334-35

(1992); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  An adverse decision by the BOP can then be challenged under 28 U.S.C. § 2241.  *See Pardue*, 363 F.3d at 699.

In short, if Marion wishes to pursue this issue, he should first ask the BOP to give him credit for the time that he served in the halfway house — and then, if the BOP refuses to give him credit, Marion could challenge the BOP's decision by filing a § 2241 action in the judicial district in which he is incarcerated.  The Court notes, however, that such a § 2241 action may not be successful in light of *Reno v. Koray*, 515 U.S. 50 (1995) (no credit for time defendant released to community treatment center on bail because only time officially detained by BOP earns credit).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court DENIES Marion's motion for credit for time served [ECF No. 53].

Dated: October 31, 2014              s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge